UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-9612 FMO (AJWx) | Date | April 26, 2017 |
| Title | Annabel Hernandez v. YP Advertising and Publishing LLC | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendant: |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Remanding Action

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand Action to Superior Court (Dkt. 10, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On August 18, 2016, plaintiff Annabel Hernandez ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against "YP Advertising & Publishing, LLP" for: (1) wrongful termination in violation of public policy; (2) wrongful termination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et. seq.; and (3) unlawful business practices, in violation of California Business & Professions Code §§ 17200, et seq. (See Dkt. 1-1, Complaint at ¶¶ 15-37). Plaintiff filed a First Amended Complaint on November 30, 2016, asserting the same claims. (See Dkt. 1-2, First Amended Complaint ("FAC") at ¶¶ 15-37). On December 29, 2016, YP Advertising and Publishing LLC ("defendant") removed the action to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, Notice of Removal ("NOR") at 1).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9612 FMO (AJWx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Annabel Hernandez v. YP Advertising and Publishing LLC | | |

doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## DISCUSSION

I.      WHETHER REMOVAL WAS TIMELY.

"[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322, 1325 (1999). "After a defendant learns that an action is removable, he has thirty days to remove the case to federal court." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006). The period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." Id. (internal quotation marks omitted). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives a copy of an amended pleading, motion, order or other paper from which it can determine that the case is removable." Id. (internal quotation marks omitted).

Here, the parties agree that defendant was formally served with the summons and Complaint on November 4, 2016. (See Dkt. 10, Motion at 3; Dkt. 1, NOR at ¶ 6). However, defendant did not remove the action until December 29, 2016, (see Dkt. 1, NOR), after the deadline for removal had expired.

Defendant points out that plaintiff's Complaint names an apparently non-existent entity called YP Advertising & Publishing LLP as defendant while defendant is actually named YP Advertising and Publishing LLC. (See Dkt. 14, Defendant's [] Opposition to Plaintiff's Motion to Remand to Superior Court ("Opp.") at 2). Based on this misnomer, defendant argues that its removal was timely because it was not named in the Complaint, and therefore it "had no ability or legal obligation to remove the complaint until it was actually named as a defendant on November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9612 FMO (AJWx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Annabel Hernandez v. YP Advertising and Publishing LLC | | |

30, 2016." (See id.). The court disagrees.

"[T]he sufficiency of service of process prior to removal is strictly a state law issue[.]" Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993), overruled on other grounds by, California Dept. of Water Res. v. Powerex Corp., 533 F.3d 1087, 1096 (9th Cir. 2008); see Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) (applying California law to determine if defendants were properly served); Song v. KBOS, Inc., 2015 WL 5162556, *3 (D. Haw. 2015) ("Because . . . service of process was attempted in this case prior to removal to federal court, the sufficiency of that service must be assessed in accordance with [] state law."). In California, "statutory provisions regarding service of process" are "liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant[.]" Dill v. Berquist Constr. Co., 24 Cal.App.4th 1426, 1436-1437 (1994) (internal quotation marks omitted). California law has long held that where a defendant's "agent receive[s] the summons and kn[o]w[s] the contents of the complaint[,]" a court acquires jurisdiction over the defendant even though there is a misnomer in the name of the defendant. See Thompson v. S. Pac. Co., 180 Cal. 730, 734 (1919); Stephens v. Berry, 249 Cal.App.2d 474, 478 (1967) (noting general rule that when, "through clerical error, a mistake has been made in stating the correct name of a defendant, the error may be corrected at any time before judgment"); Canifax v. Hercules Powder Co., 237 Cal.App.2d 44, 58 (1965) ("Here also Coast Manufacturing was neither prejudiced nor misled. It was given full notice that it was the party intended to be sued and the status in which it has been included as a defendant."). In short, where service has been properly made and "'the person served is aware that he is the person named as a defendant in the erroneous manner, jurisdiction is obtained.'" Sakaguchi v. Sakaguchi, 173 Cal.App.4th 852, 857 (2009) (quoting Billings v. Edwards, 91 Cal.App.3d 826, 831 (1979) (corporation was properly served despite "minor variances in nomenclature" of its name when the defendant received actual notice and was not misled)); see Plumlee v. Poag, 150 Cal.App.3d 541, 547 (1984) ("Where full notice is given and a reasonably prudent person would realize that he is the party intended to be named as the defendant, the court should treat the mistake as harmless misnomer in order to promote substantive rights.") (internal quotation marks omitted).

Here, defendant acknowledges that it was properly served in compliance with California law – effectively conceding that it was the defendant named in the original Complaint – stating that on "November 4, 2016, Plaintiff served a copy of the Summons and Complaint and related papers to Defendant through its agent for service of process." (See Dkt. 1, NOR at ¶ 6). Despite this concession, defendant claims that removal was not necessary within 30 days of receiving the original Complaint because it was not a named defendant until the FAC was filed. (See Dkt. 14, Opp. at 3-4). The premise of defendant's argument is that it was not a party in the underlying state court action because it was incorrectly named as a defendant in the original Complaint. However, "minor errors in the name of a defendant, through misspelling or other error do not render the summons substantially defective when the summons and complaint are actually received by the defendant and the defendant is not misled by the error[.]" East Bay Mun. Utility Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 2009 WL 975442, *3 (N.D. Cal. 2009). Further, defendant does not provide any authority or evidence that it was not a party in the underlying state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9612 FMO (AJWx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Annabel Hernandez v. YP Advertising and Publishing LLC | | |

court action. (See, generally, Opp.). If defendant was truly not the party named in the original Complaint – whether through misspelling, clerical error, or other error – then it should have filed a motion to quash or dismiss the Complaint on the ground that it was not a proper party in the action.

Once a defendant receives a pleading or other document that contains information from which removability may be ascertained, defendant has an obligation "to apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotation marks omitted). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013); see e.g., Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) ("In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, . . . a defendant who does not timely assert the right to remove loses that right."). Here, the initial Complaint included an ADEA claim, set forth allegations that defendant was plaintiff's former employer, identified individuals employed by defendant, and referenced specific events related to defendant's reduction in force. (See Dkt. 1-1, Complaint at ¶¶ 1-2 & 4-14); see also Ware v. Wyndham Worldwide Inc., 2010 WL 2545168, *5 (D. N.J. 2010) ("[t]he complaint alleged in detail numerous acts of misconduct performed by [defendant], and the very purpose of the complaint was to seek relief from Plaintiff's employer") (emphasis omitted). Putting aside the fact that by not challenging the service of the original Complaint and summons, defendant effectively conceded that it was the party named in the Complaint, there is no doubt that, had defendant applied a reasonable amount of intelligence to ascertaining removability on the basis of the original Complaint, it would have determined that the action was immediately removable because the Complaint asserted an ADEA claim and there was no reason to believe that plaintiff's employer was someone other than defendant – the party named in the Complaint, albeit with a minor error.[1] See, e.g., Billings, 91 Cal.App.3d at 831 (service proper even with misspelling of defendant's name when the summons and complaint were received and there was no indication anyone was misled). In short, a reasonably prudent entity under the circumstances here "would realize that [it was] the party intended to be named as the defendant." Plumlee,150 Cal.App.3d at 547. In other words, "[a] reasonable entity presented with service under these facts would conclude from an initial glance at the complaint that Plaintiff clearly intended to sue her employer and only her employer, and that Plaintiff was mistaken as to her employer's proper corporate name."[2] Ware, 2010 WL 2545168, at *5.

---

[1] Defendant does not argue that it was misled by plaintiff's minor mistake in identifying defendant as a "LLP" instead of a "LLC." (See, generally, Dkt. 14, Opp.).

[2] Defendant's argument that it should be considered a later-served defendant for purposes of removal, (see Dkt. 14, Opp. at 3-4), is unpersuasive and has been rejected by other federal courts because "[t]he purpose of the later-served defendant rule is fairness . . . [and] not to enable defendants to exploit pleading errors[.]" HSBC Bank USA v. Mohanna, 2015 WL 4776236, *5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9612 FMO (AJWx) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Annabel Hernandez v. YP Advertising and Publishing LLC | | |

Here, the original Complaint asserted an ADEA claim and apart from the minor error in the name of defendant, the Complaint and FAC are nearly identical. (Compare Dkt. 1-1, Complaint with Dkt. 1-2, FAC). Thus, the basis for federal jurisdiction was plainly evident on the face of the original Complaint. (See Dkt. 1-1, Complaint at ¶¶ 26-31). The 30 day period for removal started to run on November 4, 2016, when defendant was properly served with the summons and Complaint under California law. Therefore, defendant was required to remove the action no later than December 4, 2016, but did not do so until December 29, 2016. See 28 U.S.C. § 1446(b)(1). Thus, the removal was untimely, and the case must be remanded. See Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (The 30 day time limit "is mandatory and a timely objection to a late petition will defeat removal[.]") (internal quotation marks omitted).

II.   ATTORNEY'S FEES.

Plaintiff requests attorney's fees in connection with her Motion. (See Dkt. 10, Motion at 6). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that defendant did not lack an objectively reasonable basis for removal.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 10)** is **granted in part** and **denied in part**. The Motion is granted to the extent it seeks remand of the action to state court. The Motion is denied to the extent plaintiff seeks attorney's fees.

---

(N.D. Cal. 2015); see Howell v. Forest Pharm., 2015 WL 5561838, *2 (E.D. Mo. 2015) (concluding that the later-served defendant rule did not apply because "the amended complaint involved the substitution of a properly-named entity for an improperly-named defendant with the same claims as the original complaint"). "In nearly every other case involving a misnamed defendant, or even the addition of a new defendant closely aligned with an existing one, the courts have declined to extend the initial 30-day period of removal." Iulianelli v. Lionel, L.L.C., 183 F.Supp.2d 962, 966 (E.D. Mich. 2002) (collecting cases); see, e.g., Aranda v. Foamex Intern., 884 F.Supp.2d 1186, 1209-1214 (D. N.M. 2012) (concluding that in light of numerous "misonomer cases" the defendant was properly served under New Mexico law and consequently defendant had failed to remove within 30 days of service); In re Pharm. Indus. Average Wholesale Price Litig., 307 F.Supp.2d 190, 196 (D. Mass. 2004) ("As a general rule of federal law, the misnomer of a corporation in a summons is immaterial if it appears that the corporation could not have been, or was not misled.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-9612 FMO (AJWx)** | Date | **April 26, 2017** |
|---|---|---|---|
| Title | **Annabel Hernandez v. YP Advertising and Publishing LLC** | | |

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |